IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2008

Charles R. Fulbruge III
Clerk

No. 08-60163
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KEN NOWLIN

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:07-CR-108-2

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ken Nowlin appeals the 30-month sentence imposed following his guilty plea conviction for conspiracy to commit an offense against the United States by corruptly accepting health insurance commission payments to influence a health insurance contract. Nowlin argues that the sentence imposed was unreasonable in light of the uncontradicted evidence of his substantial assistance to the Government and the fact that he paid full restitution prior to his guilty plea. Nowlin complains about the disparity between his sentence and the 36-month

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence given to his co-defendant, who, unlike Nowlin, was a public official who used the public trust to defraud the Government. He contends that 18 U.S.C. § 3553(a) precludes the district court from imposing a sentence greater than necessary and that the district court did not give proper weight to his substantial assistance and, thus, imposed an unreasonable sentence.

Under the discretionary sentencing system established by United States v. Booker, 543 U.S. 220 (2005), district courts retain a duty to consider the Sentencing Guidelines, along with the sentencing factors set forth in 18 U.S.C. § 3553(a). United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005). This court reviews the sentence imposed for reasonableness in light of the factors set forth in § 3553(a). Id. at 519. In Gall v. United States, 128 S. Ct. 586, 597 (2007), the Supreme Court held that the appellate court must determine whether the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range." If the district court's decision is procedurally sound, this court will "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances." Id.

Nowlin has not challenged the district court's calculation of the guidelines range. A post-Booker discretionary sentence imposed within a properly calculated guideline range is entitled to a rebuttable presumption of reasonableness and great deference. United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Appellate courts reviewing sentencing decisions for reasonableness must apply an abuse of discretion standard. Gall, 128 S. Ct. at 596.

Although Nowlin presented reasons for receiving a sentence at the lower end of the guidelines range or even below the guidelines range, he has failed to rebut the presumption that the sentence imposed was reasonable. The record reflects that the district court listened to Nowlin's arguments, reviewed the record, and read the letters of support written on Nowlin's behalf. The district court noted that the crime was serious because it had destroyed the faith of the public in their Government. The district court also stated that it had considered the factors enumerated in § 3553(a). The district court considered the proper factors and adequately explained the sentence being given. In light of the deference due to the district court's sentencing decisions, there was no abuse of discretion. See Gall, 128 S. Ct. at 597; Alonzo, 435 F.3d at 554.

The sentence is AFFIRMED.